```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF KENTUCKY
```
**LEXINGTON**

| | |
|---|---|
| PEGGY ANN SCHAEFFER SPOTTS, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 5:03-529-JMH |
| ) | (Consolidated with 5:05-cv-225- |
| ) | JMH) |
| v. ) | |
| ) | |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | **MEMORANDUM OPINION AND ORDER** |
| Defendant. ) | |
| ) | |
| ) | |

                    **       **       **       **       **

Before the Court is Defendant's motion for summary judgment [Record No. 63]. The parties have filed their briefs,[1] and this matter is ripe for review. Having reviewed the parties' briefs, the Court finds that Defendant is entitled to summary judgment on a number of issues. However, since this is a quiet title action, and since Defendant has not argued whether and to what extent Plaintiff and Ray Spotts are joint owners of the property at 1000 Delaney Woods Road, a trial on this matter is necessary.

---

[1] Plaintiff's response [Record No. 65] does not dispute any of the factual arguments raised in the United States' motion but asks this Court to appoint counsel, essentially because she is in over her head [docketed as Record No. 66]. Plaintiff admits that she does not financially qualify for legal assistance, and her motion for appointment of counsel is therefore denied. Since Ms. Spotts is proceeding pro se, the Court must construe her filings liberally. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Since she did not dispute the defendant's recitation of facts, the Court assumes that Ms. Spotts believes that summary judgment is improper under those facts.

I.  **FACTUAL AND PROCEDURAL BACKGROUND**

This Court previously granted summary judgment to the defendant in July 2004. The Sixth Circuit reversed, instructing this Court to consider Kentucky law on constructive trusts. *See Spotts v. United States*, 429 F.3d 248 (6th Cir. 2005). In its opinion, the Sixth Circuit summarized the factual background as follows:

> The case *sub judice* is a quiet title action filed in the Jessamine County Circuit Court brought under 28 U.S.C. § 2410, seeking the removal of the nominee tax lien filed by the Internal Revenue Service against the real estate located at 1000 Delaney Woods Road, Nicholasville, Kentucky 40356. The United States removed the action to this Court pursuant to 28 U.S.C. § 1444.
>
> The facts are as follows. Charles Matich operated an asset protection program designed to reduce a person's tax liability and hide assets from the Internal Revenue Service ("IRS") and other creditors through the use of offshore bank accounts. Matich would set up a Nevada limited liability company to receive a portion of a client's income. The limited liability company would send the funds by wire to an account in the Barclay Bank, in Grand Turk, Turks and Caicos, British West Indies. The account was in the name of Orion Holding Company, another company controlled by Matich. A debit card account was set up for each client at the TSB bank in the Isle of Jersey. When a client needed money, he would notify an employee of Matich and she would wire the needed funds to the debit card account. The client would then make purchases with his offshore funds by using the debit card. Both Grand Turk and the Isle of Jersey have stringent bank secrecy laws and the records of bank accounts in these places can not be reached by legal process.
>
> In 1990, Matich traveled to Columbus, Ohio and explained the asset protection program to Defendant Peggy Spotts and her ex-husband Ray Spotts. In the summer of 1994, Ray and Peggy Spotts traveled to California and discussed the asset protection program with a member of an

2

accounting firm who allegedly confirmed Matich's legitimacy. Peggy and Ray Spotts became clients of Matich and his offshore protection program in 1994. Ray Spotts would have commissions and other taxable income due him sent to Proven Triumphs, LLC, the Nevada LLC set up for Spotts by Matich as a part of the asset protection program. These funds were then sent to Orion Holding Company's account at Barclay Bank. Ray Spotts gained access to the money through a debit card at the TSB Bank.

In the summer of 1996, the Spotts purchased a home located at 1000 Delaney Woods Road, Nicholasville, Kentucky. Ray Spotts wire transferred approximately $180,000.00 of the funds from Proven Triumphs to the account at Barclay Bank in Grand Turk. This $180,000, along with $20,000.00 on loan from Orion Holding Company, were forwarded to the settlement officer at the time of settlement on the purchase of the home. To disguise the fact that the Spotts were using their own money to purchase the home, and as a protection against creditors, Ray and Peggy Spotts executed a note to Orion Bank and Trust, another Grand Turk company controlled by Matich, for $200,000.00. This note was secured by a mortgage on the home. Orion Bank and Trust then forwarded the $200,000 to the settlement officer in the guise of loan proceeds. The home was purchased for $272,500.00, with the balance of the purchase price coming from Peggy. Although the note and mortgage with Orion Bank and Trust were in the name of both Ray and Peggy Spotts, the deed was placed solely in Peggy Spotts's name to, among other things, protect it from business creditors.

In September 1998, Peggy Spotts filed for divorce. Ray Spotts moved out of their home and consulted a divorce attorney who in turn advised Ray to consult a tax attorney concerning his 1994 through 1997 tax returns and the failure to report the funds sent offshore. In August 1999, Ray filed amended tax returns for 1994-1997 and along with these returns Ray paid the increased tax liabilities for 1994 and 1995. Ray failed to repay the reported increased tax liabilities for 1996 and 1997 totaling $375,598. These additional tax liabilities were assessed against Ray by the Service on November 8, 1999. On November 1, 2002, the Service filed the nominee tax lien at issue and Peggy thereupon filed this action to quiet title.

*Spotts*, 429 F.3d at 249-50.

Following discovery, the parties filed cross-motions for summary judgment. Defendant raised two theories: first, that Plaintiff's ex-husband had fraudulently conveyed the house to Plaintiff; and second, that Plaintiff held the house in a constructive trust, with Plaintiff's ex-husband retaining the beneficial interest. The Court rejected Plaintiff's arguments, and rejected Defendant's fraudulent conveyance argument as well, finding that there were genuine disputes of material fact preventing summary judgment. The Court, however, found that Defendant was entitled to summary judgment on the constructive trust theory.

The Sixth Circuit reversed this Court's decision on the constructive trust theory and remanded this action for further proceedings. The Sixth Circuit determined that this Court erred by relying on decisions from other district courts rather than applying Kentucky law. In particular, the Sixth Circuit found that this Court failed to give proper weight to the Kentucky Supreme Court's decision in *Rakhman v. Zusstone*, 957 S.W.2d 241 (Ky. 1997), in which that court laid out the standard for determining whether a constructive trust arises out of a transfer of property from one spouse to another. The Sixth Circuit did not address Defendant's fraudulent conveyance theory.

After the Sixth Circuit's decision, the parties renewed their summary judgment motions. The Court denied the parties' motions,

finding that there remained genuine issues of material fact regarding both the fraudulent conveyance and the constructive trust theories. Since that time, the parties continued discovery. In a response to requests for admissions, Plaintiff admitted that "Lewis Raymond Spotts did not give the property located at 1000 Delaney Woods Road, Nicholasville, KY 40356, to Plaintiff as a gift because Plaintiff was entitled to 50% of the Neways Distributorship income, Plaintiff paid with non-marital money $80,050.01 down payment on the home and receive home [sic] in her divorce."

On May 31, 2005, while this Court's earlier summary judgment decision was on appeal before the Sixth Circuit, Plaintiff filed a second lawsuit against the defendant, accusing it of intentional and reckless collection activities under 26 U.S.C. § 7433. In her complaint, Plaintiff alleges that she exhausted her administrative remedies by filing this action and by filing numerous pleadings and exhibits in this action and in the Sixth Circuit. *See Complaint* ¶ 2, *Spotts v. United States*, Civil Action No. 5:05-225 (filed May 31, 2005). Since they involved the same parties and the same underlying facts, the Court consolidated this case and the Section 7433 action on November 27, 2006.

## II. STANDARD OF REVIEW

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to

any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party bears the initial burden to show the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). This burden is met by showing the court that there is an absence of evidence on a material fact on which the nonmoving party has the ultimate burden of proof at trial. *Id.* at 325. A fact is material if its resolution will affect the outcome of the lawsuit. *Waters v. City of Morristown*, 242 F.3d 353, 358 (6th Cir. 2001); *see Pharakhone v. Nissan N. Am., Inc.*, 324 F.3d 405, 407 (6th Cir. 2003) ("If, under the governing law, the outcome would be the same regardless of how a factual dispute is resolved, the dispute is no bar to summary judgment."). Once the moving party satisfies its burden, the burden then shifts to the nonmoving party to "come forward with some probative evidence to support its claim." *Lansing Dairy, Inc. v. Espy*, 39 F.3d 1339, 1347 (6th Cir. 1994).

When determining whether there is enough evidence to overcome summary judgment, the Court must construe the evidence in the light most favorable to the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *Multimedia 2000, Inc. v. Attard*, 374 F.3d 377, 380 (6th Cir. 2004). The Court must not weigh the evidence, but must decide whether there are genuine issues for trial. *Anderson*, 477 U.S. at 249. Only material factual disputes will preclude summary judgment, and the dispute must be genuine,

that is, the facts must be such that if proven at trial, a reasonable finder of fact could return a verdict for the nonmoving party.  *See id.* at 248.

### III. ANALYSIS

Defendant argues that it is entitled to summary judgment on the constructive trust theory because Plaintiff has admitted that she did not receive the property as a gift.  Defendant also argues that it is entitled to summary judgment on Plaintiff's intentional and reckless collection claims because Plaintiff did not serve Defendant and because Plaintiff failed to exhaust her administrative remedies.

*A.   Intentional and Reckless Collection Claims*

Defendant is entitled to summary judgment on these claims because Plaintiff did not exhaust her administrative remedies.  26 U.S.C. § 7433 requires exhaustion of administrative remedies within the Internal Revenue Service as a prerequisite for a damages action based on unauthorized tax collection activities.  The plaintiff's "[f]ailure to exhaust deprives the court of jurisdiction." *Venen v. U.S.*, 38 F.3d 100, 103 (3rd Cir. 1994).  Administrative remedies for alleged violations of Section 7433 are set forth in Treasury Regulation § 301.7433-1.  *Id.*  "An action for damages filed in federal district court may not be maintained unless the taxpayer has filed an administrative claim pursuant to paragraph (e) of this section, and has waited for the period required under paragraph (d)

7

of this section." 26 C.F.R. § 301.7433-1(a). In her complaint, Plaintiff claims that filing and pursuing the quiet title action exhausted her administrative remedies. *See Complaint* ¶ 2. This is incorrect. There is no record whatsoever indicating that Plaintiff pursued administrative relief within the IRS. Therefore, since Plaintiff has not sought administrative relief, this Court does not have jurisdiction over her Section 7433 claims, and they should be dismissed.

*B.    The Quiet Title Action*

Defendant is entitled to partial summary judgment on the quiet title action. Based on her admissions, Plaintiff holds Lewis Ray Spotts' interest in 1000 Delaney Woods Road as a nominee. However, there is still some question as to whether and to what extent the plaintiff has a joint ownership interest in the property.

This Court discussed Kentucky law on constructive trusts in the August 2, 2006, order addressing the renewed motions for summary judgment [Record No. 34]:

> In *Rakhman*, the Kentucky Supreme Court considered, in the context of a domestic dispute, whether certain real property was held in a constructive trust for the benefit of the partner who provided the purchase funds, though the house was deeded in the other partner's name. Citing the Restatement (Second) of Trusts § 442, the court determined that when one spouse purchases property that is titled in the name of the other, there is a presumption that the property is a gift, and no constructive trust will be found to have arisen unless the opposing party produces evidence showing that the spouses intended for the beneficial interest to remain with the purchasing spouse. *See Rakhman*, 957 S.W.2d at 244-45.

8

> The presumption is rebuttable, however. As the Sixth Circuit noted, under Kentucky law "the presumption of a settlement or a gift is rebuttable by proof of a contrary intention, and on such rebuttal a resulting trust arises." *Spotts*, 429 F.3d at 251 (quoting *O'Donnell v. O'Donnell*, 202 S.W.2d 999, 1000 (Ky. 1947)). Defendant has the burden of producing some evidence of the "contrary intention," but the burden of persuasion on the intent issue remains with Plaintiff. *See* Fed R. Evid. 302; *Rakhman*, 957 S.W.2d at 245-46 (discussing the burdens in rebutting the presumption).

Based on Plaintiff's admission that Lewis Ray Spotts did not give the 1000 Delaney Woods Road property as a gift, as well as the lack of any evidence contrary to or explanation of the statement, there is now no genuine issue of material fact as to whether the property was a gift. Therefore, Plaintiff held the property as a nominee for Lewis Ray Spotts.

There remains a question as to whether Plaintiff held a joint interest in the property independent of the interest she held for Mr. Spotts. State law governs the determination of the nature of the legal interest that the taxpayer has in the property to which a lien attaches. *United States v. Nat'l Bank of Commerce*, 472 U.S. 713, 722 (1985). Once the Court determines the nature of the legal interest conferred by state law, the consequences are governed by federal law. *Id.* at 727. Although there is no genuine issue as to whether Lewis Ray Spotts has an interest in the property at 1000 Delaney Woods Road, there is still some evidence that the plaintiff should be considered a joint owner. Although the bulk of the consideration was paid from Mr. Spotts' offshore account, the

9

record establishes that Ms. Spotts contributed some of her own money.  Since neither party has argued the issue of joint ownership, it must still be tried.

**IV.   CONCLUSION**

For the foregoing reasons, **IT IS ORDERED:**

(1)  That the defendant's motion for summary judgment [Record No. 63] be, and the same hereby is, **GRANTED IN PART AND DENIED IN PART.**

(2)  That Plaintiff's motion for appointment of counsel [Record No. 66] be, and the same hereby is, **DENIED.**

(3)  That Plaintiff's complaint against the IRS for intentional and reckless collection activities [Record No. 1 in Civil Action No. 5:05-225] be, and the same hereby is, **DISMISSED WITHOUT PREJUDICE.**

(4)  That the defendant is entitled to summary judgment on the constructive trust theory.  However, there still remains an issue as to whether Plaintiff and Lewis Ray Spotts are joint owners in the property at 1000 Delaney Woods Road.

This the 23rd day of July, 2007.



**Signed By:**

***Joseph M. Hood***

**United States District Judge**